OPINION
In this accelerated calendar case, appellant, Helen L. Clontz, appeals from the judgment entered by the Trumbull County Court of Common Pleas on November 16, 2000. The court adopted the magistrate's decision of October 16, 2000, which reduced the amount of spousal support appellee, Harold Clontz, was to pay to appellant.
The parties were divorced in 1996. As part of the divorce decree, appellee was ordered to pay appellant $500 per month in spousal support. The court retained jurisdiction to adjust the amount of spousal support should there be a substantial change of circumstances. Appellee appealed the divorce order to this court, and we affirmed it. Clontz v. Clontz
(May 16, 1997), Trumbull App. No. 96-T-5531, unreported, 1997 Ohio App. LEXIS 2135.
Appellee subsequently developed a skin condition that limited his work hours to forty per week. Based on these changed circumstances, the magistrate reduced the amount of spousal support to be paid by appellee to $350 per month.
On October 12, 2000, there was a hearing before the magistrate and it was videotaped. The magistrate's written findings of fact and conclusions of law were filed on October 16, 2000. Appellant's objections to the magistrate's decision were filed on October 20, 2000. These objections alleged that the videotape of the hearing before the magistrate did not exist. However, the trial court found that when counsel for appellant first requested a copy of the videotape, no payment was tendered for the preparation of the videotape. On December 6, 2000, appellant's counsel made a second request for the videotape, and payment was included with this request. By this time, however, the videotape had been erased.
Appellant raises the following assignment of error:
 "The trial court erred to the prejudice of appellant when no evidentiary or record hearing was conducted[.]"
 Appellant questions whether a videotape hearing actually occurred. The trial court indicated that the hearing was videotaped and referred to the specific tape (AMN #1) that contained this hearing. Appellant asserts that the videotape was erased before the judgment of the trial court. However, appellant provides no evidence of this assertion. Appellant does provide evidence that the videotape had been erased at the time of the December 6, 2000 request. This request form indicated that the tape was requested for purposes of submitting it to the court of appeals. The fact that the tape had been erased at the time of this request, made nearly three weeks after the judgment of the trial court, is irrelevant.
Objections to magistrates' decisions must be made within fourteen days of the decision. Civ.R. 53(E)(3)(a). Moreover, "[a]ny objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available." Civ.R. 53(E)(3)(b). Appellant argues that the trial court could not have conducted an independent review of the evidence without the videotape. This court has held that a party cannot challenge the findings of fact made by a magistrate unless that party submits a transcript or affidavit to the trial court. Lovas v. Mullett (June 29, 2001), Geauga App. No. 2000-G-2289, unreported, 2001 Ohio App. LEXIS 2951, at *4. Appellant had the burden of submitting the videotape, along with her objections, to the trial court within fourteen days of the magistrate's decision. Appellant did not meet that burden.
The findings of fact of a magistrate are not subject to challenge unless an objecting party provides the court with a transcript or affidavit. The trial court considered the facts as they were determined by the magistrate. The fact that the trial court did not review the videotape is inconsequential, because appellant, as the objecting party, had the duty to provide the court with the videotape and failed to do so. There was nothing for the trial court to review.
Appellant's assignment of error is without merit.
Although appellant does not specifically address the sufficiency of the magistrate's findings on this appeal, we will address this issue in the interests of the parties. After reviewing the magistrate's findings of facts and conclusions of law, we conclude that the trial court did not err in adopting the magistrate's decision. The magistrate's decision contained sufficient findings of fact and conclusions of law as required by Civ.R. 53 (E)(2).
The judgment of the trial court is affirmed.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., GRENDELL, J., concur.